UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,        :
                                 :    NO. 1:02-cr-00074
     Plaintiff,                  :    Civil No. 1:05-cv-00324
                                 :
     v.                          :    **OPINION & ORDER**
                                 :
                                 :
MAURICE JOUETT,                  :
                                 :
     Defendant.                  :

  This matter is before the Court on the Defendant's Motion to Vacate Under 28 U.S.C. § 2255. The Government subsequently responded in opposition (doc. 51). Defendant is proceeding pro se in this matter (doc. 49).

  On February 26, 2002, a confidential informant contacted Agent Kyle Ingram of the Regional Narcotics Unit ("RENU") (doc. 51). Agent Ingram had previous dealings with the informant and considered him trustworthy (Id.). The informant relayed to Agent Ingram that he had met the Defendant before and knew him as "Nine" (Id.). Defendant told the informant that he could provide him with "substantial quantities" of crack cocaine (Id.). On the same day that the informant contacted Agent Ingram concerning the Defendant, the informant made a call to Defendant's cell phone from the RENU office (Id.). The call was recorded, permitting the agents to confirm the information provided by the informant (Id.). During this recorded conversation, the Defendant stated he could provide

a "large quantity of crack and/or powder cocaine" (Id.).

Several days later the informant returned to RENU and again made phone calls to Defendant which were recorded (Id.). During these recorded conversations, the Defendant discussed with the informant the supply of five ounces of crack cocaine and the price of said crack cocaine (Id.). The Defendant and informant ultimately agreed to meet at Frisch's to conduct the drug transaction (Id.). RENU officers videotaped the rendevous in which Defendant arrived in a white Chevrolet Caprice Classic with a Kentucky license plate (Id.). The Defendant became nervous and asked the informant to meet him instead in fifteen minutes in the parking lot of a nearby Maaco auto painting business (Id.). The Defendant did not show up in fifteen minutes as he indicated but, rather called the informant several times to delay the meeting time (Id.). All of these calls were recorded (Id.). Ultimately, the Defendant indicated to the informant that he did have five ounces of crack cocaine for sale and that the informant should meet him in a McDonald's parking lot located at the intersection of Queen City and Harrison Avenues (Id.).

RENU officers were following the Defendant and as the Defendant approached the McDonald's he was stopped by the agents (Id.). Officers patted the Defendant down and found a gun and then searched Defendant's car locating the five ounces of crack cocaine (Id.). After a jury trial, Defendant was convicted of possessing

with intent to distribute more than 50 grams of cocaine base[1] in violation of 21 U.S.C. § 841(a)(1), possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during or in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).

Defendant raises the following grounds for granting his Motion to Vacate: (1) reversible error was committed by the trial court in that it allowed the jury to see the Defendant in handcuffs; (2) the Defendant's trial counsel provided ineffective assistance; (3) the jury "never found [the Defendant] guilty of crack, in violation of [his] Fifth Amendment right to a jury trial;" and (4) the jury considered prior convictions in enhancing his sentence (doc. 49). The Defendant cites Dyas v. Poole, 317 F.3d 934, 937 (9th Cir. 2003), for the proposition that a defendant who is "shackled" while in front of a jury "carries a high risk of prejudice." Dyas at 937. Defendant maintains that his trial counsel was ineffective in that he did not move to exclude the playing of an audio-tape during trial (doc. 49).

The Government asserts that Defendant did not raise the issues that (1) his "5th and 6th Amendment rights under the United States Constitution were abrogated when the jury saw [him] in handcuffs" and (2) that the jury never found him guilty of "Crack" only "cocaine base" on direct appeal (doc. 51). As such, the

---

[1] Cocaine base's street name is "crack cocaine."

Government maintains that the Defendant is barred from raising said claims in a habeas petition absent "cause" and "prejudice" (Id. citing Davis v. United States, 411 U.S. 233 (1973); Francis Henderson, 425 U.S. 536 (1976); Wainright v. Sykes, 433 U.S. 72 (1977); Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994) ("Having bypassed the opportunity to raise the [sentencing] claim on direct appeal, he cannot raise it now on collateral attack."); United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) ("To the fullest extent possible, all arguments, even constitutional or jurisdictional ones should be made at trial and on direct appeal . . . [A] point not properly preserved at trial or on direct appeal cannot be reached in a § 2255 proceeding unless the petitioner can show both cause for the point's not having been previously raised and prejudice from the claimed legal error.").

Defendant failed to raise these claims on direct appeal. See United States v. Jouett, 2004 WL 231781 (6th Cir., Feb. 5, 2004).  The Government has correctly cited the law and; accordingly, Defendant is barred from raising these claims in a § 2255 motion.  The Court now turns to Defendant's other argument – namely, that his counsel was ineffective for failing to strike the audiotapes because the jury saw the transcript that referred to him as "Nine."

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that his trial attorney "made errors

4

so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" and that these errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is liable." Strickland v. Washington, 466 U.S. 668, 687 (1984). In other words, a defendant must show both that his counsel's performance was deficient and that it prejudiced his defense. Chandler v. Jones, 813 F.2d 773, 781 (6th Cir. 1987). The Defendant argued on direct appeal that allowing the jury to see these transcripts was reversible error (doc. 49). The Sixth Circuit rejected this argument and found the error only harmless. See Jouett at *2. This Court, following the Sixth Circuit's decision that this error was harmless, finds the error was not prejudicial. As such, Defendant's ineffective assistance of counsel claim is not well-taken.

      Accordingly, the Court hereby DENIES the Defendant's Motion to Vacate Under 28 U.S.C. § 2255 (doc. 49).


SO ORDERED.



Date: August 16, 2005        /s/ S. Arthur Spiegel

                                    S. Arthur Spiegel
                                    United States Senior District Judge