FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
Western Division

05 SEP 14 AM 11:45

MAURICE JOUETT, :

    Movant-Petitioner, : Criminal No. 1:02-cr-00074

vs. : Civil No. 1:05-cv-00324

UNITED STATES OF AMERICA, : Hon. S. Arthur Spiegel

    Respondent. : U.S. States Senior Judge

### MOTION FOR RECONSIDERATION

COMES NOW, Movant, Maurice Jouett, a <u>Pro Se</u> litigant, who respectfully moves this Honorable Court pursuant to Title 28 U.S.C. § 2255, to reconsider its Order entered August 16, 2005, Denying Movant's motion to vacate, set aside or correct sentence by a person in federal custody. In support thereof, Movant states the following:

#### Issues Raised By Movant

Maurice Jouett (hereafter referred to as "Movant") raised the following issues/claims in his Motion to vacate:

    Issue 1:  Whether the District Court committed reversible error in not granting a mistrial because the jury saw Movant in Handcuffs.

    Issue 2:  The jury never found Movant guilty of crack cocaine.

    Issue 3:  Whether Movant's trial counsel provided ineffective assistance of counsel.

-1-

Issue 4:   Whether the District Court erred when he enhanced Movant's sentence based on a prior conviction that was not considered by the jury beyond a reasonable doubt.

## Discussion

The District Court agreed with the Government, that Movant's claims (1), (3) and (4) were procedurally barred because he did not raise them on his direct appeal. The basis of the District Court's ruling was the Movant could not raise these claims in his habeas petition (§ 2255 motion). Thus, the Court only addressed the merits of Movant's claim (2), "Whether trial counsel rendered ineffective assistance of counsel for failing to strike the audio-tapes because the jury saw the transcript that referred to him as Nine.

As a thershold matter, before Movant files a notice of appeal or request a certificate of appealability, he would respectfully request that this Honorable Court reconsider its order denying Movant's § 2255 motion. Movant asserts that this Court incorrectly ruled that he was barred from citing these claims in his § 2255 motion

The law is clear on this fact, point not properly preserved at trial or on direct appeal cannot be reached in proceedings to attack sentence unless movant can show both cause for points not having been previously raised and prejudice from claimed legal error. United States v. Frady, 456 U.S. 152 (1982). This rule is not appropriate when a movant can show that trial counsel was constitutionally ineffective for failing to raise or argue specifically

-2-

constitutional and jurisdictional claims.

In the instant case, Movant's court-appointed trial counsel filed an appellate brief with the United States Court of Appeals for the Sixth Circuit, counsel also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), stating that counsel had reviewed the entire record and has found no meritorious claims that would warrant review. Still, counsel submitted a denial of the motion for a mistrial under the Supreme Court's holdings in Old Chief v. United States, 519 U.S. 172 (1997).

Additionally, Movant filed a supplemental brief without counsel sending him copies of the trial and sentencing transcripts. Movant argued that (1) the district court erroneously denied the motion to suppress, and (2) the district court erred by admitting into evidence a transcript of the CI's first phone call to his supplier. The Sixth Circuit affirmed this claims, but before thier decision was rendered, Movant tried to supplement the issue that "Movant was prejudiced by the jury viewing him in shackles and handcuffs." This request was denied by the Court as moot because leave to file and amend the Anders brief was to late.

In Movant's § 2255 motion to vacate, this Court begins by agreeing with the Government that the general rule, a petitioner may not seek relief via a hebeas petition for any claims that he failed to raise on direct appeal to the Sixth Circuit unless he establishes that cause for, and prejudice from, his failure to raise that claim. Citing Davis v. United States, 411 U.S. 233 (1973). As mentioned, movant contends that this rule is not appropriate when

-3-

movant raises claims of ineffective assistance of counsel. See United States v. August, 984 F.2d 705, 711 (6th Cir. 1992). The rationale underlying the exception to the rule is that a petitioner unsually have not had time to develop and include in the record evidence relevant to the merits of their ineffective-assistance claims, see id, and that, when appellate and trial counsel are the same person, it is unrealistic to expect that lawyer to assert his own ineffectiveness. See Slevin v. United States, 71 F.Supp.2d 348 n. 10 (S.D.N.Y. 1999).

In Movant's case, however, appellate and trial counsel were not the same person, and if this Court would make an examination of the record it would reveal that Movant relied on matters that was well-developed in the trial record before his counsel filed the Anders brief. First, the importance of two of Movant's claims that were not raised on direct appeal: (a) The district court committed error in not granting a mistrial when the jury saw Movant in Handcuffs; and (b) Whether the district court erred when he enhanced Movant's sentence based on a prior conviction that was not considered by the jury beyond a reasonable doubt.

Movant contends that the district court should have considered this claims because they are now constitutional claims in light of recent Supreme Court decisions regarding these two claims. The Movant requests that the district court reconsider its based on these holdings. See Deck v. Missouri, U.S. No. 04-5293, (May 23, 2005). In Deck, the Supreme Court held "Presenting convicted offender to jury in visible restraints denies due process absent finding that shackling is justified by essential state interest in particular case."

Furthermore, movant raised <u>Dyas v. Poole</u>, 317 F.3d 934 (9th Cir. 2003), as grounds for his position that when a defendant has been unconstitutionally shackled, the court must determine whether the defendnat prejudiced. See <u>Ghent v. Woodford</u>, 279 F 3d 1121, 1132 (9th Cir. 2002), thus, movant's trial counsel was rendered ineffectiveness by not raising this claim on direct appeal.

Movant's ground four agruement was "Violation of my 6th Amendment right to jury on prior convictions." This Court misinterpreted movant's claim, this Court ruled that the jury considered prior convictions in enhancing his sentence (see District Court's **Opinion & Order** at p.3 ¶ 2). Movant was not saying that the jury considered his prior conviction. He was contending that the jury did not consider the prior conviction before this Court used it for purposes of enhancing movant's sentence. Movant's counsel was also ineffective for not raising this claim on direct appeal in light of the Supreme Court's decision in <u>Shepard v. United States</u>, U.S. No. 03-9168 (March 7, 2005)(See Justice Thomas' concurring opionion:

> "The need for further refinement of Taylor endures because this Court has not yet reconsidered Almendarez-Torres v. United States, 523 U.S. 224 (1998), which draws an exception to the Apprendi line of cases for judicial factfinding that concerns a defendant's prior convictions.
>
> Almendarez-Torres, like Taylor, has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." See <u>Shepard</u> at 2, concurring opinion of Thomas, J.

The legal standard for a motion for reconsideration states, to suceed on a motion for reconsideration, the moving party must demonstrate a palpable defect upon which the Court and parties have

been misled and that a different disposition of the case will result from correction thereof. A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain. See Blacks Law Dictionary 110 (6th ed. 1990). Motions for reconsideration "which merely present the same issues relied upon by the Court, either expressly or by reasonable implication, [will not be granted]." E.D. Mich. LR 7.1(g)(3).

In the case before the Court, Movant contends that he has satisfied the legal requirements governing this Court's authority to consider the motion for reconsideration. In Movant's § 2255 petition, he raised four distinct arguments, all of which are based on claims of ineffective assistance of counsel. Movant further contend, that had the Government sent him a copy of his response to his motion, movant would have replied by showing unto the Court the facts that his trial counsel was ineffective. Thus, the Government violated **Rule 7** of the Rules Governing § 2255, which states:

> **(c) Submission to opposing party.** In any case in which an expanded record is directed, copies of the letters, documents, exhibits and affidavits proposed to be included shall be submitted to the party against whom they are to be offered, and he shall be afforded an opportunity to admit or deny their correctness.

The applicable standard for ineffective assistance of counsel claims is well established:

> A convicted defendant..."must show that counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test,

-6-

as it is known, establishes a two-pronged test to determine the existence of reversible error or reconsideration on grounds that a criminal defendant's counsel was ineffective. First, there must be a showing that the representation was so deficient as to result in counsel's lack of functioning as "the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors was so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. See this Court's citing of <u>Chandler v.Jone</u>, 813 F.2d 773, 781 (6th Cir. 1987). Thus, Movant's constitutional rights were violated by trial counsel and appellate counsel not raising these claims on direct appeal.

Additionally, Movant would show unto the Court, he was forced to file both the supplemental brief and his § 2255 without copies of the trial or sentencing transcripts, Movant was also the denied the rights to appeal his direct appeal further because the appeal court clerk violated **Rule 36** of the Federal Rules of Appellate Procedure by not forwarding Movant a copy of the judgment, this rule provides:

> **Rule 36 (b) Entry of Judgment; Notice**
> On the date when judgment is entered, the clerk must serve on all parties a copy of the opinion- or the judgment, if no opinion was written-and a notice of the date when the judgment was entered.

the clerk did not forward a copy of the judgment to Movant (see Movant's docket sheet as an exhibit). The docket does not name him as a pro se litigant, even after he filed the supplemental brief.

This error by the clerk caused Movant to be denied the right to petition pursuant to **Rule 35 En Banc Determination**, and **Rule 40 Petition for Panel Rehearing**. Movant was also denied the rights to petition the United States Supreme Court for a **Writ of Certiorari** pursuant to **Rule 13** of the Supreme Court's rules. Thus, Movant had to rash and act quickly to meet his filing deadline for bring his § 2255 motion.

Wherefore, Movant Maurice Jouett, prays that this Honorable Court reconsider its order denying Movant's Title 28 U.S.C. § 2255 Motion in light of the above legal authority.

Respectfully submitted, this 8th day of September, 2005.

BY: /s/
Maurice Jouett
Reg. No. #03582-061
Federal Correctional Complex
P.O. Box 90043
Petersburg, Virginia 23804

-8-

## CERTIFICATE OF SERVICE

I, Maurice Jouett, hereby CERTIFY that a true and correct copy of the foregoing Motion For Reconsideration has been deposited in the United States Mail Box here at the Federal Correctional Complex in Petersburg, Virginia, with adequate postage affixed thereto, to ensure delivery to the Respondent of record:

    Mr. Amul R. Thapar
    United States Attorney's Office
    221 East Fourth Street
    Atrium II Building
    Cincinnati, Ohio 45202

/s/ _[signature]_