# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CASE NO. CR-1-02-074** |
| | : | |
| **v.** | : | **HONORABLE S. ARTHUR SPIEGEL** |
| | : | |
| **MAURICE JOUETT** | : | **UNITED STATES RESPONSE TO** |
| | : | **DEFENDANT'S MOTION TO** |
| | : | **RECONSIDER** |
| | : | |

..........................................................

The United States, by and through the undersigned Assistant United States Attorney for the Southern District of Ohio, hereby opposes the defendant's Motion for Reconsideration (doc. 53). Defendant misunderstands the law regarding habeas petitions and cause and prejudice.

The defendant raised four claims in his initial habeas petition. Of those claims, three were new arguments raised for the first time in a habeas petition, which thus were procedurally barred. His fourth was an ineffective assistance of counsel claim. Defendant now argues that he can raise his procedurally barred claims for the first time because his petition also raised an "ineffective assistance of counsel" claim. Defendant's Brief at 4. Defendant is incorrect. A defendant cannot evade the law of procedural default by simply bootstrapping his claims to an ineffective assistance of counsel claim. That is all he is trying to do.

Recognizing that his initial claims are procedurally defaulted, he now argues for the first time that his appellate counsel was ineffective because he did not raise these claims on appeal. This portion of his motion is not a motion to reconsider but rather a second or successive habeas petition. The defendant has not sought permission to file a second habeas petition and cannot make the requisite showing. An application to file a second or successive habeas petition must not involve a claim that has been raised in a previous habeas petition or a claim of which the defendant was

previously aware.  See 28 U.S.C. § 2244(b).  Clearly, the defendant was aware that his appellate

counsel had not raised these claims and he could have raised any ineffective claim of appellate

counsel in his first petition.  His failure to do so bars him from raising this argument now.  See id.

Finally, defendant claims that he was not served with the government's response to his

previous motion.  The government mailed its response to the address he listed on his motion.  See

Doc. Doc. 51, Certificate of Service.

## CONCLUSION

For the foregoing reasons, defendant's petition for reconsideration should be denied.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Amul R. Thapar
AMUL R. THAPAR (DC459489)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Defendant's Petition for Habeas Corpus  was sent via first-class mail on this 29th day of September, 2005, to:

Maurice Jouett
Reg. No. #03582-061
Petersburg FC1
P.O. Box 90043
Petersburg, VA 23804

Amul R. Thapar
AMUL R. THAPAR (DC459489)
Assistant United States Attorney