```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | NO. 1:02-CR-00074 |
| | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| MAURICE JOUETT | : | |
| | : | |
| | : | |
| | : | |

This matter is before the Court on the Defendant Maurice Jouett's (hereinafter "Jouett") Motion for Reconsideration (doc. 53) and the Government's Response thereto (doc. 54). Jouett is proceeding in this matter pro se and moves the Court to reconsider its Order dated August 16, 2005 (doc. 52) in which the Court denied Jouett's Motion to Vacate, Set Aside or Correct Sentence (doc. 49). Jouett argues that his appellate counsel rendered ineffective assistance of counsel by failing to raise the same claims Jouett already raised in his Motion to Vacate (doc. 53). Additionally, Jouett asserts that he was not served with the Government's response to his previous Motion to Vacate (Id.0.

In Jouett's Motion to Vacate Under 28 U.S.C. § 2255, he raised four claims (Id.). The Court ruled that three of the four claims were procedurally barred as they were new arguments raised for the first time in a habeas petition (doc. 52). Jouett's fourth claim was for ineffective assistance of counsel (Id.). The

Government maintains that Jouett is simply now arguing that he can raise his procedurally barred claims for the first time because his petition also raised an ineffective assistance of counsel claim (doc. 54). This, the Government argues, is Jouett's attempt to "evade the law of procedural default by simply bootstrapping his claims to an ineffective assistance of counsel claim" (Id.).

The Government urges this Court to view Jouett's current motion not as a motion to reconsider but, rather as a second or successive habeas petition (Id.). The Government notes that Jouett has not sought permission to file a second habeas petition and, in any event, could not make the requisite showing (Id.). The United States Code does not permit a second or successive habeas petition that contains a claim that has been raised in a previous habeas petition or a claim of which the defendant was previously aware. 28 U.S.C. § 2244(b). The Government maintains that Jouett was aware that his appellate counsel did not raise these claims (doc. 54). Furthermore, the Government asserts that Jouett could have raised any ineffective claim of appellate counsel in his first petition (Id.). This failure to do so, argues the Government, permits Jouett from now raising this argument (Id.).

The Court finds the Government's arguments well-taken. Jouett is merely arguing the same assignments of error as he did in his earlier motion. This current motion is a second or

successive habeas petition for which Jouett disallowed by Section 2244.  As to Jouett's claim that he did not receive a copy of the Government's response, the Court notes that the Certificate of Service (attached to the Government's response) indicates that it was mailed to the address listed on Jouett's first motion (doc. 51).  Accordingly, Jouett's Motion is DENIED (doc. 53).


        SO ORDERED.


Dated: November 2, 2005          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge