IN THE UNITED STATES COURT OF APPEALS
FOR THE SIX CIRCUIT
CINCINNATI, OHIO

FILED
JAMES BONINI
CLERK

06 JAN -6 PM 4: 15

UNITED STATES OF AMERICA )
)
v. )
)
MAURICE JOUETT )
)
RECEIVED )
)

CRIMINAL NO. 1:02-cr-00074
CIVIL NO. 1:05-cv-00324

US. COURT
S. DIST. OHIO
CINCINNATI

JAN - 4 2006

LEONARD GREEN, Clerk

A NOTICE OF APPEAL AND REQUEST FOR
CERTIFICATE OF APPEALABILTY FROM
THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
THE HONORABLE ARTHUR SPIEGEL,UNITED
STATES SENIOR DISTRICT JUDGE

## JURISDICTIONAL STATEMENT

This is an action under 28 U.S.C. 2255, petitioner Maurice
Jouett was convicted in Federal Court in Southern District of
OHio, Western Division, on count one, possess with the intent to
distribute a schedule II controlled substance, cocaine base, in
an amount in excess of fifty (50) grams.  In violation of 21 U.S.
C. 841 (a)(1) and 841 (b)(1)(A)(iii) count two, possess a firearm,
in and affecting commerce, all in violation of 18 U.S.C. 922 (g)(1)
and 18 U.S.C. 924 (A)(2) count three, did carry a firearm during
and in relation to the commission of a drug trafficking offense,
all in violation of 18 U.S.C. 924 (c)(1).

On January 22, 2003, petitioner was sentenced to 168 months on
count one; 120 months on count two, and 60 months on count three.

Counts one and two to run concurrently, count three to be served
consecutively.  A notice of appeal was filed; denied on February 5,
2004, case number: 03-3214.  On May 11, 2005, petitioner filed for
relief pursuant to 2255 motion to vacate, set aside, or correct

petitioner's sentenced that was imposed illegal.  The claims that
petitioner raised were:

    (1) Violations of petitioner's rights to a fair and just jury.
    (2) Ineffective assistance of counsel
    (3) The jury never found petitioner guilty of crack cocaine
    (4) Violations of petitioner's rights to jury on prior convictions
    (5) Ineffective assistance of counsel,where counsel failed to
        raised above issues when requested to do so

On August 16, 2005, petitioner 2255 motion was denied, petitioner
timely filed a "Motion for Reconsideration" (Rule 59 (e) , which
was denied on November 2, 2005.

The District Court pronunced that petitioner is barred from
raising said claims in the habeas absent "cause and prejudice."  How-
ever, the court did addressed one of petitioner (ineffective assist-
ance of counsel) claim and denied it because petitioner failed to
demonstrate ineffective assistance of counsel.

## STANDARD OF REVIEW

This court reviews the denial of a motion of  relief under 28
U.S.C. 2255 denovo with respect to questions of law.  United States
v. Hopkins 268 F.3d 222, 224 (4th Cir. 2001.)  Claims of ineffective
assistance of counsel involve mixed questions of law and fact, and
the district court's findings accordingly are reviewed by this court
de novo.  Becton v. Barnett 920 F.2d 1190, 1192 (4th Cir. 1990);
United States v. Witherspoon 231 F.3d 923 (4th Cir. 2000)(Court
decides de novo whether "specific facts constitute ineffective
assistance of counsel") with respect to factual matters, the court
may employ one of two standards.  Where the district court has held
an evidentiary hearing, this court reviews for clear error.  Where
the district court considered only the record before it, this court
may review the findings de novo.  Robinson v. Arvonio 27 F.3d 877,
F.3d 877, 883 (3rd Cir. 1994), vacated on other grounds, 513 U.S.

1186 (1995), see also Re v. Snyder 293 F.3d 678, 680 (3rd Cir. 2002)

(citing Robinson and undertaking de novo review where district court

did not conduct evidentiary hearing.)

THE   DISTRICT COURT ERRED IN
DENYING PETITIONER AN EVIDEN-
TIARY HEARING ON HIS CLAIM OF
INEFFECTIVE ASSISTANCE OF COUNSEL.

The Court ruled that three of the four claims were procedurally

barred as they were new arguments raised for the first time in a

habeas petition, further, that petitioner's attempt to "evade" the

law of procedural default by simply bootstrapping his claims to an

ineffective assistance of counsel claim.

With all due respect, petitioner raised ineffective assistance

of counsel in every claims within his direct 2255 motion, petitioner's

stated on (line-13-p.6 of the original 2255 motion) That: " My

attorney failed to raise these issues, when I requested him to do so."

Under the umbrella of ineffectiveness of counsel, all petitioner

need to prove is:  (1) that counsel's performance was deficient and

that the deficient performance prejudiced the defense; (2) petitioner

must show a reasonble probability, that but for counsel's failings,

the outcome would have been different.  Prejudice is present when

counsel's errors are so serious that the client is deprived of a

fair trial.  The standard for determing whether the outcome would

have been different is whether there is a reasonable probability

that in the absence of the errors, the fact finder would have had

a reasonable doubt as to petitioner's guilt.  Strickland v. Washington

466 U.S. 688, 687, (1984).

In petitioner 2255 motion, petitioner's proved that trial counsel

was ineffective due to specific failing during trial, (claim one)

when the jury saw petitioner in handcuffs  (claim two) attorney was

3

ineffective by allowing the court to admit insufficient reliable evidence; (claim three) attorney was ineffective for failing to filed motion to excluded the used of audio tape.

Therefore, the district court erred in denial petitioner an evidentiary hearing base on already prejudicially apparent to the jury.

### THE DISTRICT COURT ERRED IN FINDING PETITIONER'S CLAIMS PROCEDURALLY DEFAULTED

The District Court found that the claims were barred by procedural default. In making its cursory review, the district court din not address petitioner's claim that, even assuming some claims might be barred by procedural default, petitioner had shown sufficient cause and prejudice based on counsel's performance, futher, cause and prejudice based on the law from the time of filing his 2255 motion to exouse the default. See Deck v. Missouri U.S. No. 04-5293 (5/23/05) This Honorable Court must not implicate any unique interests in judicial efficiency, conservation of scare judicial resources, and orderly and prompt administration of justice that might work against the court's considering the issues on the merits.

Also , procedural default is an affirmative defense, Trest v. Cain 522 U.S. 87, 89, (1997). To pursue the defaulted claim in hhabeas, he must first demonstrate either cause and actual prejudice

### THE DISTRICT COURT ERRED IN CONSTRUING PETITIONER'S RULE (59)(e) MOTION TO RECONSIDER-ATION INTO A SECOND OR SUCCE-SSIVE HABEAS,IS A VIOLATION OF PETITIONER RIGHTS TO PRE-SENT A PROPER AND JUST CLAIM

The District Court erred in recharacterized petitioner Rule (59)(e) motion into a second or successive motion without

4

the protections of <u>United States v. Miller</u>. Rule (59)(e) is a gatekeeping in requesting that the courts reviews theirs opinions and/or correct their own mistake. Pro'se complaints and motions from prisoners are to be liberally construe. <u>Resnick v. Hayes 213 F.3d 443, 447, (9th Cir. 2000)</u>. This acts is great disadvantage to petitioner as it seriously diminished the possibility of successfully filing a future, properly drafted and documented motion. Under the Antiterrorism and Effective Death Penalty Act, (AEDPA), the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited.

Second or successive motions may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law."

The Courts have established a procedure to prevent a pro'se prisoner motions to be construe as anyother's motions, before recharacterzation a district court must advise the pro'se petitioner of three options: (1) have the motion ruled upon as filed; (2) if the motion is not styled as a 28 U.S.C. 2255 motion, have the motion recharacterized as such and heard, but lose the ability to file second or successive motions absent certification from the court of appeals, or (3) withdraw the motion. When the district court transforms a requirement, the procedure is to informed (a) the pro'se with knowledge of the potential adverse consequences of such, consents or (b) the opportunity to withdraw the motion.

In this instant case at bar under either scenario, petitioner pro'se motion should has been applyed liberally. <u>Haines v. Kerner 404 U.S. 519, 520-521 (1972)</u>. Therefore, for all reasons herein, a certificate of appealability from this Honorable Court be issue and that this court reverse the district court's order and remand for an evidentiary hearing.

Post-Booker ruling, this Honorable Court must
asserted the Supreme Court decision that the
guidelines was in fact unconstitutional and
deprived petitioners from just and fair sentence.

Petitioner stated within the original 2255 motion that it was a violations of his constitutional rights for not having the jury to determing his prior convictions.  Therefore, petitioner reserve the rights to challenge such enhancment once the sentencing commission applicate a new guideline system.  As it stand now, any enhanced sentences that was imposed before the Booker ruling is "void", petitioner respectfully decline to "brief" In Depth concerning this issue.

## CONCLUSION

For the reasons stated within, petitioner respectfully requests that a certificate of appealability issue, and that this court reverse the district court's order and remand for an evidentiary hearing In the alternative, petitioner request that a certificate of appealability issue and that this court either consider petitioner's claims pursuant to ineffective assistance of counsel claims that the district court failed to address, or pursuant to petitioner in "handcuff."  Petitioner request formal briefing and oral argument on thaes issues as necessary to award the requested relief.

Respectfully Submitted,

Maurice Jouett, #03582-061

6

CERTIFICATE OF SERVICE

I, certify that on 12/27 , 2005, I sent a complete copy of
this "Petition For Appeal and Certificate of Appealability." I also
certifies that the original and two copies were mailed to: Clerk
U.S. Court of Appeals, For the Sixth Circuit, 532 Potter St., U.S.
Courthouse, 100 Fifth St. Suite 532, Cincinnati, Ohio 45202, Also
one copy to: U.S. Dept. of Justice, U.S. Attorney Southern District
of Ohio, 221 East Fourth St., Suite 400, Cincinnati, Ohio 45202

Maurice Jouett, #0382-061
F.C.I. (Med.)    03582-061
P.O. Box 90043
Petersburg Va 23804